MRS. ROSA EDNA GERMANN, WIFE OF     :     NO. 8808
DR. ALBERT J. COHN,

VS       :     COURT OF APPEAL

MRS. JEANNE BERGEROT, WIDOW OF     :     PARISH OF ORLEANS
JEAN NABOS.

: : : : :

* * *

WILLIAM A. BELL, JUDGE.

* * *

JUNE 25, 1923.

June 25/23

By WILLIAM A. BELL, Judge.

This is a suit for damages by plaintiff against defendant for painful physical injuries sustained while plaintiff was riding in an automobile. The accident happened at the corner of Burgundy and Elysian Fields Streets, in the City of New Orleans, on the 4th of July, 1918, at about 3:30 o'clock in the afternoon. Defendant's milk wagon, driven by a young man, defendant's brother, was pulled by a large horse and was going down Burgundy Street in the same direction as was plaintiff, the latter at the time being in an automobile driven by her brother-in-law. The evidence shows the wagon to have been slightly ahead of the automobile before either of those vehicles reached Elysian Fields Street, and that a moment after the milk wagon got on the first of the five tracks running along Elysian Fields Street, the driver of the automobile blew his horn, and the driver of the milk wagon, according to the testimony of the four witnesses in the automobile, veered slightly to his right, showing that he had evidently heard the horn of the automobile. There is no doubt that the horse pulling the milk wagon was walking across the tracks and that the automobile was going at a slow rate of speed, not more than four or five miles an hour. When the wagon reached the middle of the railroad tracks, the automobile had begun to slightly overcome the wagon, and by the time the automobile reached the north-most track on Elysian Fields Street, the head of the horse appears to have been flush with the windshield of the automobile. At this point, the driver of the horse turned the horse and vehicle suddenly to the left, with the result that the shaft of the milk wagon hit the bow on the right side of the automobile, upon which plaintiff was then resting her right hand and right arm. The result of this accident was that plaintiff had the bones of

her right arm forced through the flesh and both bones of the arm were fractured. After more than four years of treatment, and at the time of the trial of this case, to-wit: April 15, 1922, the ulna bone, or smaller bone of the arm, had not yet mended, and the testimony of the doctor who attended plaintiff was to the effect that the bone would probably not knit at all and that the only hope for getting it to knit would be through a grafting process, the ultimate good results of which would not be at all positive. After many months of pain and suffering, the plaintiff's arm was x-rayed several times and finding that the ulna bone would not knit, she was subjected to an operation, by which the fractured ends of the bone were brought together and wired. The witness testifies that before the accident she was able to play the piano and to do all of her own sewing, none of which she is now able to do, and that she still suffers considerable pain from the accident.

All of the allegations set forth in plaintiff's petition and supplemental petition are met by defendant with a general denial. and none of the testimony, as we appreciate it, and as exhaustively reviewed in the written opinion rendered by the trial judge, has been overcome. Only three witnesses have testified for the defendant, that is, herself, the young man who drove the wagon and a witness who was a by-stander viewing the accident, as he claims, from a distance of thirty feet at the lower river corner of Elysian Fields and Burgundy Streets. We agree with the trial judge that inasmuch as the wagon was on this witness' side of the automobile, that his view of the automobile was bound to have been obstructed by the wagon. and that his statement that the automobile ran into the wagon cannot be taken as reliable evidence. There was some attempt on the part of the defendant to prove that the automobile ran into the wagon rather than the reverse facts, which

are established by a preponderance of evidence. To this end defendant swore that the horse driven in the wagon died a few days after the accident from injuries sustained by the collision, but the young man who drove the wagon and who was not in the courtroom when defendant was examined, testified that the animal did not die for over three months after the accident. This fact, together with the fact that there was no demand in reconvention for ~~damages~~ damages which the defendant's horse might have suffered, is convincing proof that the horse was not injured in the accident. The trial judge in his opinion noted the fact that these two witnesses were separated, and we assume also that all other witnesses for the plaintiff, though related to her, were also separated, the four occupants of plaintiff's automobile being plaintiff, her sister and the husbands of these two ladies. It is interesting to note how all of plaintiff's witnesses corroborate each other as to all of the circumstances leading up to the accident, and as no other evidence than that of the driver of the wagon has been offered in contradiction of their theory of the accident, we must conclude that the findings of the trial judge, who saw and heard all of the witnesses, are correct.

There is no question of law involved in this suit, and because of the ~~life-long and~~ permanent injury sustained by plaintiff we do not think that the damages herein awarded are excessive.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same is hereby affirmed, at defendant's costs in both courts.

JUDGMENT AFFIRMED.                              JUNE 25, 1923.